**Elizabeth DOLE, Secretary of Labor, United States Department of Labor, Plaintiff,**

v.

**CONTINENTAL CUISINE, INC. and Paul S. McGee, Defendants.**

**No. LR–C–89–15.**

United States District Court, E.D. Arkansas, W.D.

Sept. 28, 1990.

Michael S. Moore, Friday, Eldredge & Clark, Little Rock, Ark., for defendants.

Robert Fitz, Office of the Sol., Dallas, Tex., for plaintiff.

## MEMORANDUM & ORDER

REASONER, District Judge.

Plaintiff, the Secretary of Labor, brings this action pursuant to the Fair Labor Standards Act for alleged violations of the Act by defendants, Continental Cuisine, Inc., and Paul S. McGee, in the operation of Graffiti's restaurant. Pursuant to the court trial held on September 4, 1990, the Court makes the following findings of fact and conclusions of law:

### I. *Findings of Fact*

1. Defendant Continental Cuisine, Inc. owns and operates Graffiti's restaurant located in Little Rock, Arkansas. Continental Cuisine was incorporated on June 18, 1984. Continental Cuisine is a member of the National Restaurant Association.

2. Continental Cuisine is an "enterprise engaged in commerce or in the production of goods for commerce" within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(r) & (s)(2).

3. In 1984, defendant Paul S. McGee was hired by Continental Cuisine as the maitre d' of Graffiti's. McGee has continuously held the position as maitre d' from 1984 to the present time. McGee does not have any ownership interest in Graffiti's or Continental Cuisine.

4. As maitre d', McGee sets up the dining room prior to opening, greets and seats customers as they arrive, describes specials, usually serves the first drink orders to customers, and assists waiters and waitresses, as needed, in serving the customers. McGee's responsibilities also include interviewing applicants for positions as waiters and waitresses and recommending that persons be hired or fired. McGee initially schedules shifts for waitresses and waiters. Changes in the schedule are worked out among the waiters and waitresses themselves. In addition, choice of stations at the restaurant are given on the basis of

which waiter or waitress arrives at work first. Stations are not assigned by McGee.

5. McGee has no office at Graffiti's and has no responsibility for setting the hours or methods of operation, paying employees, setting prices, supervising the kitchen, or determining the menu or wine list.

6. Paul Bash, vice-president of Continental Cuisine, manages Graffiti's restaurant and is in the restaurant approximately one to one and a half hours per day. Bash has an office at Continental Cuisine from which Graffiti's is managed. Bash controls the hiring and firing of employees, determines rates of pay, figures the payroll, and sets the prices, menu, and hours of operation.

7. As maitre d', McGee is paid a base salary and receives additional compensation from a tip pool arrangement.

8. Waiters and waitresses employed by Graffiti's are required to make the following contributions from their tips to a tip pool for the benefit of the maitre d':

(a) seven percent of their daily gross sales if the daily gross sales are $600 or less;

(b) six percent of their daily gross sales if their daily gross sales are between $600 and $1,000;

(c) five percent of their daily gross sales if their daily gross sales are over $1,000.

9. The tip pool arrangement resulted in employees contributing approximately 40% of their tips to the tip pool for McGee. McGee receives no tips directly from customers.

10. The proceeds of the tip pool arrangement go exclusively to McGee as the maitre d' and are not shared with Continental Cuisine.

11. No waiter or waitress has complained about the tip pool arrangement for the benefit of McGee as maitre d'.

12. In the restaurant business, a maitre d' customarily participates in a tip pool.

13. Waiters and waitresses at Graffiti's receive an hourly rate of pay in addition to tips. Continental Cuisine claims a mini-mum wage tip credit under the Fair Labor Standards Act.

14. No waiter or waitress received less than the minimum wage when tips were added to the base hourly rate, even with the contribution of approximately 40% of the their tips to the tip pool for McGee. Indeed, even with the contributions to the tip pool, the waiters and waitresses made approximately two to three times the minimum wage.

15. Neither Bash nor McGee had any actual knowledge of any limitations on the percentage of tips which could be contributed to a tip pool.

16. The employee records for the time period relevant to this action regarding the home addresses, names, social security numbers, sex of employees, hours worked and times worked at Graffiti's were incomplete.

17. On June 21, 1974, the Acting Administrator of the Wage and Hour Division of the Department of Labor issued an opinion regarding the invalidity of tip pool arrangements if the tips were shared with an employer. On July 22, 1974, this opinion was reprinted in the National Restaurant Association's NRA Washington Report.

18. On September 5, 1978, the Administrator of the Wage and Hour Division of the Department of Labor issued an opinion advising that the Wage and Hour Division does not question contributions to a tip pool which do not exceed 15% of an employee's tips, or 2% of daily gross sales, and that only employees who customarily and regularly receive tips can be included in a tip pool. This opinion was reprinted in the December 2, 1978, Bureau of National Affairs publication and the November 10, 1978 issue of the Labor Law Reports.

II. *Conclusions of Law*

The Secretary of Labor alleges that since January 9, 1986, defendants violated the Fair Labor Standards Act, 29 U.S.C. §§ 206(b) and 215(a)(2), by paying less than the minimum wage to waiters and waitress-

es at Graffiti's.[1] The Secretary seeks injunctive relief and liquidated damages in connection with this alleged violation.[2] In addition, the Secretary contends that defendants violated §§ 211(c) and 215(a)(5) of the Act by failing to make and preserve accurate and adequate records regarding the wages, hours and other conditions of employment of their employees as prescribed in 29 C.F.R. § 516.[3]

### A. Minimum Wage Violation

The Secretary contends that McGee is an "employer" within the meaning of 29 U.S.C. § 203(d), and as an "employer" McGee would not be entitled to participate in a tip pool arrangement with employees. The Secretary argues that because tips are being shared with an "employer", Continental Cuisine is not entitled to a minimum wage tip credit. Therefore, the Secretary maintains that defendants have violated the Act by not paying their employees the minimum wage.

The Secretary bases her position upon a June 21, 1974, opinion letter by the Acting Administrator of the Wage and Hour Division of the Department of Labor. The opinion advises that agreements to remit tips of employees to employers are invalid, and that an employer claiming a minimum wage tip credit must allow an employee to retain all tips earned by the employee. In addition, 29 U.S.C. § 203(m) provides in relevant part:

In determining the wage of a tipped employee, the amount paid such employee by his employer shall be deemed to be increased on account of tips by an amount determined by the employer, but not by an amount in excess of 40 per centum of the applicable minimum wage rate, except that the amount of the increase on account of tips determined by the employer may not exceed the value of tips actually received by the employee. The previous sentence shall not apply with respect to any tipped employee unless (1) such employee has been informed by the employer of the provisions of this subsection, and (2) all tips received by the employee have been retained by the employee, except that this subsection shall not be construed to prohibit the pooling of tips among employees who customarily and regularly receive tips.

The Court disagrees with the position taken by the Secretary at trial that any person who has any supervisory duties over other employees, no matter how minimal, becomes an "employer" within the meaning of the Fair Labor Standards Act. Section 203(d) defines an "employer", in relevant part, as "any person acting directly or indirectly in the interest of an employer in relation to an employee...." 29 U.S.C. § 203(d). The courts have looked to factors such as the control of hiring and firing of employees, control of the manner in which work is performed, and the fixing of employee wages in determining who is

---

1. 29 U.S.C. § 206(b) provides in relevant part:
   Every employer shall pay to each of his employees ... who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, and who in such workweek is brought within the purview of this section, ... not less than the minimum wage in effect....
   29 U.S.C. § 215(a)(2) makes it unlawful for any person "to violate any of the provisions of section 206...."

2. Wages of the following employees are at issue in this case: Kevin Baker, Hank Bates, Bobbi Bennett, Julia Bennett, David Boatright, Doug Brass, Paula Brinkley, Brad Crow, Roger Davis, Debra Jean Duncan, Paul Dunnavant, Robert Hager, Luke Hall, Brent Howard, James Johnson, Marty Justice, J. Lowe, Roger Rasico, Jack-

ie Singley, Kevin Wilson, Corbi Verch, Jim Wagner, and Beth Butcher.

3. 29 U.S.C. § 211(c) provides in relevant part:
   Every employer subject to any provision of this chapter or of any order issued under this chapter shall make, keep and preserve such records of the persons employed by him and of the wages, hours, and other conditions and practices of employment maintained by him, and shall preserve such records for such periods of time, and shall make such reports therefrom to the Administrator as he shall prescribe by regulation or order as necessary and appropriate for the enforcement of the provisions of this chapter or the regulations or orders thereunder.
   29 U.S.C. § 215(a)(5) makes it unlawful "to violate any of the provisions of section 211(c)...."

the "employer". *See Wirtz v. Pure Ice Company,* 322 F.2d 259 (8th Cir.1963); *Fruco Const. Co. v. McClelland,* 192 F.2d 241 (8th Cir.1951).

 The Court finds that, in light of the specific facts of this case, McGee is not an "employer" within the meaning of the Act.[4] McGee does not hire and fire employees, control the methods of operation at Graffiti's, set hourly wages, or control the payroll. These responsibilities are performed by the manager of Graffiti's, Paul Bash. Since the Court finds that McGee is not an "employer" within the meaning of the Act, and he is the type of employee who customarily receives tips, he is permitted to participate in the tip pool arrangement. His participation in the tip pool does not affect Continental Cuisine's entitlement to a minimum wage tip credit. Accordingly, the Court holds that Continental Cuisine did not violate §§ 206(b) & 215(a)(2) of the Fair Labor Standards Act.

Alternatively, the Secretary contends that the amount of contribution of tips that waitresses and waiters are required to make to the tip pool for McGee is excessive. Specifically, the Secretary argues that a tip pool arrangement which results in more than 15% of an employee's tips going to the pool, or 2% of daily gross sales, is excessive and invalid. This position is based upon the September 5, 1978, opinion of the Administrator of the Wage and Hour Division of the Department of Labor.

The Court can find no statutory or regulatory authority for the Secretary's opinion that contributions in excess of 15% of tips or 2% of daily gross sales are excessive. The administrative opinion of the Wage and Hour Division of the Department of Labor to such effect is not binding on this Court. *See Skidmore v. Swift & Co.,* 323 U.S. 134, 140, 65 S.Ct. 161, 164, 89 L.Ed. 124 (1944). The Court finds that the percentage of contributions required of the waitresses and waiters at Graffiti's is not excessive, especially in light of the testimony at trial that even with the tip pool arrangement the waiters and waitresses at Graffiti's made well over minimum wage.

B. *Record Keeping Violations*

The evidence at trial did establish that Continental Cuisine technically failed to keep complete and accurate employee records as required by 29 U.S.C. § 211(c) and the regulations promulgated thereunder. However, these violations were minor and obviously not willful. The Court does not believe that an award of damages for this violation is appropriate. Rather, Continental Cuisine will be enjoined from failing to keep and preserve accurate and complete records in the future.

It is SO ORDERED.

---

4. The Court recognizes that the Honorable Henry Woods, United States District Judge for the Eastern District of Arkansas, found, on what would appear to be similar facts, that a maitre d' of a restaurant was an "employer" as defined by the Act. *See Dole v. L & J, Inc.,* No. LR–C–89–339. However, judgment was entered in *Dole* in favor of the Secretary on the basis of a default judgment and an unresponded to summary judgment motion. After full development at trial of the specific facts of this case, the Court finds that the maitre d' of Graffiti's is not an "employer" under the Act.