**Jacob Nelson McLEOD, Plaintiff,**

v.

**CITY OF NEWTON, et al., Defendants.**

**Civ. A. No. CV–95–A–1573–S.**

United States District Court,
M.D. Alabama,
Southern Division.

July 12, 1996.

---

Malcolm R. Newman, Dothan, AL, for plaintiff.

Joseph W. Adams, Ozark, AL, for defendants.

## MEMORANDUM OPINION

ALBRITTON, District Judge.

On December 11, 1995, Jacob Nelson McLeod ("Plaintiff") filed his complaint against the Town of Newton, Chief of Police Virgil Byrd and other unnamed defendants ("Defendants") under Title VII of the Civil Rights Act of 1964 and the Civil Rights Act of 1991 and under 42 U.S.C. § 1981, seeking a declaratory judgment, equitable relief, and money damages. On January 8, 1996, the plaintiff filed an amended complaint substituting Joseph Croson for Virgil Byrd as Chief of Police for the Town of Newton. This case is now before the court on the Defendants' Motion for Summary Judgment. The Defendants contend that they do not fit within the definition of "employer" under Title VII because the Town of Newton did not employ the requisite number of employees at the time in question, and therefore this court lacks subject matter jurisdiction to hear that claim. The motion is not addressed to the Plaintiff's § 1981 claim. For the reasons which follow the court concludes that the Defendants' motion is due to be DENIED.

## SUMMARY JUDGMENT STANDARD

■ Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment is appropriate where "there is no genuine issue as to any material fact and ... the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). Where the burden of proof is on the non-moving party, as it is in this case, the movant can meet this standard by submitting affirmative evidence negating an essential element of the non-movant's claim, or by demonstrating that the non-moving party's evidence itself is insufficient to establish an essential element of his claim. *Id.* at 322, 106 S.Ct. at 2552.

■ The burden then shifts to the non-moving party to make a showing sufficient to establish the existence of all essential elements to his claims, and on which he bears the burden of proof at trial. *Id.* To meet this burden, the non-moving party cannot rest on the pleadings, but must by affidavit or other appropriate means, set forth specific facts showing there is a genuine issue for trial. *Id.* at 324, 106 S.Ct. at 2553. A dispute of material fact "is 'genuine' ... if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). Where the parties' factual statements conflict or inferences are required, the court will construe the facts in the light most favorable to the nonmovant. *Barnes v. Southwest Forest Industries,* 814 F.2d 607, 609 (11th Cir.1987).

## FACTS

The Plaintiff, an African–American male, was hired by the Defendants in November 1993 as a police officer. He was the only African–American law enforcement officer employed by the Defendants. The Plaintiff contends that the white men who worked for the Defendants were not held to the same standard that he was nor were they reprimanded or disciplined to the extent that he was. The Plaintiff also asserts that the Defendants created and maintained a racially hostile work environment through their actions of disparate treatment based on race.

The Plaintiff contends that on June 2, 1994 he was forced to resign. He claims that he was not given any reason by the Defendants for his forced resignation. However, the Plaintiff does contend that the Defendants intentionally and maliciously discriminated against him on the basis of his race. He also asserts that he was fired in retaliation for his opposition to the Defendants' racially discriminatory employment practices. The Defendants deny that they discriminated against the Plaintiff and claim that he was terminated for good cause.

## DISCUSSION

■ The Defendants have moved for summary judgment with respect to the Title VII claim against them on the grounds that they do not meet the definition of an employer as stated in § 2000e(b) of the statute, because

the Town of Newton had fewer than fifteen employees.[1]

▮▮▮ Title VII defines an employer as:

a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year . . .

42 U.S.C. § 2000e(b). For purposes of this statute, "person" includes individuals, governments, and governmental agencies. *See* 42 U.S.C. § 2000e(a). According to the Eleventh Circuit, the definition of "employer" in Title VII is a question of subject matter jurisdiction. *McKenzie v. Davenport–Harris Funeral Home,* 834 F.2d 930 (11th Cir.1987). It is the Plaintiff's burden to prove that subject matter jurisdiction exists. *Id.* at 932. The Eleventh Circuit has also held that the definition of employers under Title VII is to be construed liberally. *See Williams v. City of Montgomery,* 742 F.2d 586, 588 (11th Cir.1984); *Rogero v. Noone,* 704 F.2d 518 (11th Cir.1983).

The Town of Newton maintains that it did not employ fifteen or more employees for twenty weeks during either 1993 or 1994. In support of its position, the Town of Newton has offered two affidavits of Barbara F. Benton, the clerk of the Town of Newton. In the first affidavit, Ms. Benton states that upon examination of the payroll records, the Town of Newton did not employ fifteen or more employees for twenty weeks during either 1993 or 1994. The Plaintiff responded with his own affidavit which states that during his time as an employee of the Town of Newton there were fifteen or more employees for the requisite twenty weeks. The Town of Newton thereafter submitted the second affidavit of Ms. Benton in which she disputes several of the Plaintiff's statements and offers a

chart depicting the number of employees of the Town of Newton for each day of 1993 and 1994 based upon the employees' time cards. Ms. Benton concludes from this chart that the Town of Newton did not employ 15 employees for the requisite twenty weeks. Neither party distinguishes between salaried, hourly, or seasonal employees.

Although neither the Plaintiff nor the Defendants discuss this issue in briefs, the parties' positions regarding the number of employees of the Town of Newton requires the court to decide which method of counting employees is appropriate under Title VII. The courts which have confronted this issue have split along two methods of calculating employees.[2] The Seventh and Eighth Circuits, as well as two district judges in the Northern District of Georgia, have focused upon the language in Title VII requiring "fifteen or more employees *for each working day* " and held that, with respect to hourly employees, each employee must have been at work each day of the working week for a minimum of twenty weeks in order for the employer to be subject to federal jurisdiction. *Zimmerman v. North American Signal Company,* 704 F.2d 347 (7th Cir.1983); *McGraw v. Warren County Oil Company,* 707 F.2d 990 (8th Cir.1983); *Richardson v. Bedford Place Housing Phase I Associates,* 855 F.Supp. 366 (N.D.Ga.1994); *Hulsey v. Gunn,* 905 F.Supp. 1067 (N.D.Ga.1995). The First Circuit, and several district courts have held that Title VII only requires that the employees be on the payroll during the entire week for twenty weeks for the employer to be subject to federal jurisdiction. *Thurber v. Jack Reilly's, Inc.,* 717 F.2d 633 (1st Cir. 1983); *Shepherdson v. Local Union No. 401,* 823 F.Supp. 1245, 1251 (E.D.Pa.1993); *Cohen v. S.U.P.A., Inc.,* 814 F.Supp. 251, 254–55 (N.D.N.Y.1993) (applying the payroll method

---

1. As the Eleventh Circuit has explained, the relief granted under Title VII is against the employer and not against the individuals whose actions constitute a violation. *Busby v. City of Orlando,* 931 F.2d 764, 772 (11th Cir.1991); *See also Yeldell v. Cooper Green Hosp., Inc.,* 956 F.2d 1056, 1060 (11th Cir.1992) ("Title VII actions are not appropriately brought against government officials in their personal capacities. Such suits may be brought only against individuals in their official capacity and/or the employing entity.")

Defendant Croson, however, has not moved for summary judgment on that ground. Be that as it may, the Title VII claim will be considered as a claim against the Town of Newton.

2. Several of the noted cases address the definition of employer in the context of the Age Discrimination in Employment Act. This case law is sufficiently relevant to Title VII that it is appropriate for the present discussion.

in an ADEA case); *See also Edwards v. Esau Investments, Inc.,* 1994 WL 606073, 5 n. 4 (D.Kan.1994) (listing the courts which have followed both approaches). The former Fifth Circuit has also stated this rule in dictum. *Dumas v. Town of Mt. Vernon, Ala.,* 612 F.2d 974, 979 n. 7 (5th Cir.1980).[3]

██ This issue then is whether an employee must establish jurisdiction by proving that there were at least fifteen employees "on the payroll" or "on the clock" for each working day in each of twenty or more calendar weeks. The courts which have followed the Seventh Circuit's interpretation in *Zimmerman* have done so based upon the proposition that theirs is the only plain reading of the statutory language, and that to follow the First Circuit's interpretation would render the language "for each working day" superfluous. *See, e.g., Richardson,* 855 F.Supp. at 370. The First Circuit and the district courts following the payroll method rely on the legislative history of Title VII and the remedial purpose of Title VII in arriving at their interpretation of the statutory language.

This court finds that the payroll interpretation of the definition of employer espoused by the First Circuit in *Thurber* is a reasonable interpretation of the plain language of the statute. The words "for each working day" are not rendered superfluous by this interpretation. These words provide the test by which a court can determine when an employee is to be counted toward the fifteen employees required under the statute. Stated simply, an employee must be on the payroll for each working day of the week in order to count towards the fifteen required. Employees who are hired, fired or quit midweek are not counted for that week. Moreover, this interpretation fosters certainty and simplicity within the definition of "employer". The court need only inquire into payroll records and dates of employment to determine if an employer qualifies, and need not undertake a lengthy investigation of the daily timecards, which may not exist or be readily available, for each and every employee. This interpretation also minimizes the concern

voiced in *Edwards* that employers can manipulate their employees' schedules in order to avoid Title VII coverage. 1994 WL 606073, at 5.

In addition, the only legislative history cited in the First, Seventh, and Eighth Circuit opinions supports the use of the payroll method to calculate the number of employees. In *Thurber,* the First Circuit relied on a statement by Senator Dirkson, a co-sponsor of Title VII, that the definition of employer in Title VII was borrowed from the Unemployment Compensation Act. 717 F.2d at 634. The Unemployment Compensation Act counts employees for each day that an employment relationship exists, regardless of whether the employee reports to work each day. *Id. See also* Rev.Rule 55–19, Regulation 107, § 403.205 (1955). Also, a recent Senate report clarifying the definition of employer in the Family and Medical Leave Act (FMLA) states that the FMLA "parallels language used in Title VII ... and is intended to receive the same interpretation. As most courts and the EEOC have interpreted this language, 'employs * * * employees for each working day' is intended to mean 'employ' in the sense of maintain on the payroll." S.Rep.No.3, 103d Cong., 1st Sess. 21–22 (1993), U.S.Code Cong. & Admin.News 1993, 3 at pp. 23–24. Finally, it is worth noting that the EEOC has taken the position that employees are counted regardless of whether they work each day of the week. EEOC Policy Statement No. 915–052 (April 20, 1990). Although the court is well aware of the problems in discerning legislative intent, the *only* evidence of which the court is aware indicates that the intent of Congress was to employ the payroll method in counting employees.

██ Based on the justifications offered in *Thurber* and the district court cases following it, and considering that the former Fifth Circuit, albeit in dictum, was in agreement with that interpretation, the court finds that the payroll method is the appropriate test to employ in determining when an employer falls within the purview of Title VII. Under that standard, the court finds that the Plaintiff has presented sufficient evidence to raise

---

3. "[T]o determine employer status under the Act, 'one looks to each of the 'working days' within the calendar weeks reviewed to see whether

there were 15 or more individuals who were on the payroll regardless of whether they were actually working full time or on any particular day.'"

a fact issue at this time as to whether the Town of Newton was an employer as that term is defined by Title VII. According to Barbara Benton's second affidavit in support of the Town of Newton's Motion for Summary Judgment, Ms. Benton employed the *Zimmerman* method for calculating the number of employees of the Town of Newton. Ms. Benton's first affidavit is unclear as to which method of calculating employees was utilized. Since it is not clear that no genuine issue of fact exists as to whether the Town of Newton employed fifteen employees during the relevant years, the Defendants' Motion for Summary Judgment is due to be DENIED.

The court notes that at trial the Plaintiff will have the burden of establishing jurisdiction for his Title VII claim by proving by a preponderance of the evidence that the Town of Newton had at least fifteen employees on its payroll for each working day in each of twenty or more calendar weeks in 1993 or 1994.

### CONCLUSION

In light of the foregoing discussion, the court finds that the Defendants' Motion for Summary Judgment is due to be and hereby is DENIED.