Lisa Michele JOHNSON, Plaintiff,

v.

A.P. PRODUCTS, LTD. and Eleanor
Osborn, Defendants.

No. 96 CV 0838.

United States District Court,
S.D. New York.

Aug. 6, 1996.

Robert Tolchin, Jaroslawica & Jaros, New York City, for Plaintiff.

Laurent S. Drogin, Law Offices of Ira Drogin, New York City, for Defendant.

### MEMORANDUM ORDER and DECISION

PARKER, District Judge.

### FACTS

This action for violations of the Pregnancy Discrimination Act ("PDA"), 42 U.S.C. § 2000e(k), the Americans·with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101, et seq., the Family and Medical Leave Act ("FMLA"), 29 U.S.C. §§ 2601, et seq., and the New York Human Rights Law ("HRL"), N.Y.Exec.Law § 290 et seq., is before this Court on the defendants' partial motion to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. In her complaint, plaintiff Lisa Michele Johnson alleges that defendant A.P. Products, Ltd.[1] employed her as a warehouse clerk in April of 1994. In mid–1995, Johnson claims she became pregnant. She alleges that, during the course of her pregnancy, she suffered complications such that she was temporarily unable to work. According to Johnson, after informing A.P. Products on several occasions that she was suffering from complications arising from her pregnancy, defendant Eleanor Osborn, A.P. Products' manager of human resources, terminated her on October 3, 1995.

Defendants now move to dismiss (1) Johnson's ADA claim on the grounds that pregnancy and related medical conditions are not disabilities under the ADA; and (2) Johnson's FMLA claim on the ground that Johnson was not entitled to the protections of the FMLA at the time she was terminated. Defendants also move to dismiss all the claims against Osborn to the extent she is sued in her individual capacity.

### DISCUSSION

1. *Legal Standard*

Because the purpose of a motion to dismiss is merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof, *see Geisler v. Petrocelli,* 616 F.2d 636, 639 (2d Cir.1980), a plaintiff need not come forward with proof of its allegations.[2] A plaintiff must, however, allege facts that taken as true constitute a claim. "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957) (footnote omitted).

1. In a Stipulation and Order Amending Caption dated May 20, 1996, the parties stipulated that Johnson was employed by All Ways Natural Industries, Inc. which merged with a successor entity known as A.P. Products, Ltd. The parties further stipulated that the caption should be amended to replace All Ways Natural Industries, Inc. and Ginseng Miracle, Ltd. with A.P. Products, Ltd. as defendant.

2. Although the parties have attached exhibits and declarations to their motion papers, the Court has not considered these materials as they are matters outside the pleadings.

### 2. American with Disabilities Act

The ADA provides that no employer "shall discriminate against a qualified individual with a disability because of the disability of such individual." 42 U.S.C. § 12112. Under the ADA, a "disability" is defined as "a physical or mental impairment that substantially limits one or more of the major life activities of such individual ..." 42 U.S.C. § 12102(2). The complaint alleges that Johnson was pregnant and temporarily suffered complications during her pregnancy.

■ Courts have held, however, that pregnancy and related medical conditions are not disabilities under the ADA. *See, e.g., Gudenkauf v. Stauffer Communications, Inc.*, 922 F.Supp. 465, 473 (D.Kan.1996); *Villarreal v. J.E. Merit Constructors, Inc.*, 895 F.Supp. 149, 152 (S.D.Tex.1995); *Tsetseranos v. Tech Prototype, Inc.*, 893 F.Supp. 109, 119 (D.N.H. 1995); *Byerly v. Herr Foods, Inc.*, 1993 WL 101196 *4 (E.D.Pa.1993).[3] These courts based their conclusion in part on the Equal Employment Opportunity Commission's ("EEOC") regulations stating that "conditions, such as pregnancy, that are not the result of a physiological disorder are not impairment," 29 C.F.R. Pt. 1630, App. § 1630.2(h), and that "temporary, non-chronic impairments of short duration, with little or no long term or permanent impact, are usually not disabilities," 29 C.F.R. Pt. 1630, App. § 1630.2(j). These courts also noted that Title VII and the PDA specifically covered employment discrimination on the basis of pregnancy, thereby obviating the need to extend the coverage of the ADA to protect pregnancy and related medical conditions. Because Johnson's pregnancy nor its complications are a disability under the ADA, she has failed to state a claim under the ADA upon which relief can be granted. Thus, Johnson's claims against the defendants under the ADA are dismissed.

### 3. Family and Medical Leave Act

The FMLA provides that an eligible employee shall be entitled to 12 weeks of leave during any 12-month period when she has a "serious health condition" that makes her "unable to perform the functions of the position." 29 U.S.C. § 2612(a)(1)(D). Defendants argue that because Johnson's termination on October 3, 1995, occurred after the expiration of the 12 week leave period, it did not violate the FMLA. In her complaint, however, Johnson does not allege the date that she left work. As a result, this Court cannot determine whether her termination occurred after the expiration of the 12 week leave period provided by the FMLA. Accordingly, defendants' motions to dismiss this claim and for sanctions under Rule 11 of the Federal Rules of Civil Procedure are denied without prejudice to later renewal.

### 4. Individual Capacity

#### a. Title VII

■ Defendants also move to dismiss all of the claims against Osborn in her individual capacity.[4] Under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, an employer's agent may not be held individually liable. *See Tomka v. Seiler Corp.*, 66 F.3d 1295, 1313–17 (2d Cir.1995). The PDA is a part of Title VII. Thus, Osborn is not subject to individual liability under the PDA.

#### b. Family and Medical Leave Act

Whether Osborn may be held liable individually under the FMLA is a more difficult question. The FMLA defines "employer" as

(i) any person engaged in commerce or in any industry or activity affecting commerce who employs 50 or more employees for each working day during each of 20 or

---

**3.** *But see Chapsky v. Baxter v. Mueuller Div.*, 1995 WL 103299 *3 (N.D.Ill.1995) (citing *Pacourek v. Inland Steel Co.*, 858 F.Supp. 1393, 1404 (N.D.Ill.1994)), in which the Court found that infertility could be a disability under the ADA, in support of its decision that pregnancy is a disability under the ADA); *Patterson v. Xerox Corp.*, 901 F.Supp. 274, 278 (N.D.Ill.1995) (finding allegation that back pain resulted from combination of pregnancy and aggravation of prior condition was sufficient to state claim under the ADA because injury may have been permanent).

**4.** Having dismissed Johnson's ADA claim, this Court need not address the question of whether Osborn may be held individually liable under the ADA.

more calendar workweeks in the current or preceding calendar year . . .

(ii) includ[ing] . . . any person who acts, directly or indirectly, in the interest of an employer to any of the employees of such employer . . .

29 U.S.C. § 2611(4)(A)(i), (ii).

Although the issue of whether individuals may be personally liable has been frequently litigated under Title VII, *see Storr v. Anderson School*, 919 F.Supp. 144, 146–47 (S.D.N.Y.1996) (collecting cases), and recently litigated under the ADA, *see EEOC v. AIC Sec. Investigations, Ltd.*, 55 F.3d 1276, 1279–82 (7th Cir.1995) (holding that individuals cannot be personally liable under the ADA); *Duprey v. Prudential Ins. Co. of America*, 910 F.Supp. 879, 884 (N.D.N.Y.1996) (same); *Altman v. New York City Health and Hospitals Corp.*, 903 F.Supp. 503, 508 (S.D.N.Y. 1995) (same); *Romand v. Zimmerman*, 881 F.Supp. 806, 812 (N.D.N.Y.1995) (same), only three courts have addressed the question of whether an individual may be liable in his individual capacity under the FMLA. *See Freemon v. Foley*, 911 F.Supp. 326, 330–31 (N.D.Ill.1995); *McKiernan v. Smith–Edwards–Dunlap Co.*, 1995 WL 311393 *3 (E.D.Pa.1995); *Frizzell v. Southwest Motor Freight, Inc.*, 906 F.Supp. 441, 449 (E.D.Tenn.1995).

Two of these courts have looked to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 203(d), for guidance in interpreting "employer" in the FMLA. *See Freemon*, 911 F.Supp. at 330–31; *McKiernan*, 1995 WL 311393 at *3; *see also Reich v. Midwest Plastic Engineering, Inc.*, 1995 WL 478884 *5–*6 (W.D.Mich.1995) (looking to FLSA to construe "employer" in FMLA). One court has looked to Title VII instead. *See Frizzell*, 906 F.Supp. at 449.[5]

■ As *Freemon* observed, the definition of "employer" in Title VII (and other discrimination statutes, such as the ADA and the Age Discrimination in Employment Act ("ADEA"), 42 U.S.C. §§ 621 *et seq.*) differs from that used in the FMLA, which tracks verbatim the definition used in the FLSA. *See Freemon*, 911 F.Supp. at 330. Regulations issued by the Department of Labor interpreting the term "employer" in the FMLA note the equivalence of the FMLA's and FLSA's definition of "employer" and state that "[a]s under the FLSA, individuals such as corporate officers 'acting in the interest of an employer' are individually liable for any violations of the requirements of FMLA." 29 C.F.R. § 825.104(d). Thus, I look to the FLSA for guidance in construing the term "employer" in the FMLA.

■ Courts have adopted an expansive interpretation of employer under the FLSA. *See Falk v. Brennan*, 414 U.S. 190, 195, 94 S.Ct. 427, 431, 38 L.Ed.2d 406 (1973). Corporate officers with "operational control" over an employing entity clearly fall within the definition, *see Dole v. Elliott Travel & Tours, Inc.*, 942 F.2d 962, 965 (6th Cir.1991); *Donovan v. Sovereign Security, Ltd.*, 726 F.2d 55, 59 (2d Cir.1984), as does a cooperative whose members work at home, *see Goldberg v. Whitaker House Cooperative*, 366 U.S. 28, 32, 81 S.Ct. 933, 936, 6 L.Ed.2d 100 (1961). However, because the phrase "acting directly or indirectly in the interest of an employer in relation to an employee" taken literally would support liability against any

---

**5.** The Senate Report for the FMLA states that subsection 2611(4)(A)(i) of the FMLA's definition of employer,

> parallels language used in Title VII of the Civil Rights Act of 1964 and is intended to receive the same interpretation. As most courts and the EEOC have interpreted this language, 'employs * * * employees for each working day' is intended to mean 'employ' in the sense of maintain on the payroll. It is not necessary that every employee actually perform work on each working day to be considered for this purpose.

S.Rep. No. 3, 103d Cong., 1st Sess. 21–22 (1993), U.S.Code Cong. & Admin.News 1993, pp. 3, 24.

Courts have found this legislative history inconclusive on the interpretation of Title VII's and the ADA's definition of employer, *see Equal Employment Opportunity Commission v. Metropolitan Educational Enterprises, Inc.*, 60 F.3d 1225, 1228–29 (7th Cir.1995), *cert. granted,* —— U.S. ——, 116 S.Ct. 1260, 134 L.Ed.2d 209 (1996); *Equal Employment Opportunity Commission v. St. Francis Xavier Parochial School*, 928 F.Supp. 29, 36 (D.D.C.1996); *but see McLeod v. City of Newton*, 931 F.Supp. 817, 821 (M.D.Ala.1996), and I find it inconclusive in construing subsection 2611(4)(A)(ii) of the FMLA, which language, as discussed in the text below, does not parallel Title VII.

agent or employee with supervisory power over employees, *see Donovan v. Agnew,* 712 F.2d 1509, 1510 (1st Cir.1983), the "economic reality" of the relationship between the alleged employer and employee has guided courts' interpretation. *See Goldberg,* 366 U.S. at 33, 81 S.Ct. at 936–37, *Frasier v. General Electric Co.,* 930 F.2d 1004, 1008 (2d Cir.1991). "In determining whether, as a matter of economic reality, an entity is an employer for purposes of the FLSA, courts focus on whether the alleged employer has some degree of control over the terms and conditions of employment[, including] ... whether the alleged employer: (1) had the power to hire and fire the employees; (2) supervised or controlled employee work schedules or conditions of employment; (3) determined the rate and method of payment; and (4) maintained employment records." *Rubin v. Tourneau, Inc.,* 797 F.Supp. 247, 252 (S.D.N.Y.1992). As a result, the term "employer" under the FSLA has been interpreted to include individuals with substantial control over the aspect of employment alleged to have been violated, *see Elliott Travel,* 942 F.2d at 966; *Lee v. Coahoma County,* 937 F.2d 220, 226 (5th Cir.1991), but not those who do not control the terms and conditions of employment, *see Dole v. Continental Cuisine, Inc.,* 751 F.Supp. 799, 802 (E.D.Ark.1990).

▉ In light of the expansive interpretation given the term "employer" in the FLSA, this Court follows *Freemon* in holding that the FMLA "extends to all those who controlled in whole or in part [plaintiff's] ability to take a leave of absence and return to her position." *Freemon,* 911 F.Supp. at 331. Here, however, the complaint merely alleges that Osborn is manager of human resources for A.P. Products and that she and A.P. Products terminated Johnson. It does not allege in any manner that Osborn exercised any control over Johnson's ability to take a leave of absence or her termination. Accordingly, defendants' motion to dismiss the FMLA claim against Osborn in her indi-

vidual capacity is granted, with leave for Johnson to replead.

### c. *New York Human Rights Law*

The HRL defines "employer" in terms of the number of persons employed and "provides no clue to whether individual employees of a corporate employer may be sued under its provisions." *Patrowich v. Chemical Bank,* 63 N.Y.2d 541, 483 N.Y.S.2d 659, 660, 473 N.E.2d 11, 12 (1984) (citing N.Y.Exec.Law § 292(5)). In *Patrowich,* the New York Court of Appeals held that an employee is not individually subject to suit under the HRL as an employer "if he is not shown to have any ownership interest or any power to do more than carry out personnel decisions made by others." *Patrowich,* 483 N.Y.S.2d at 661, 473 N.E.2d at 13. Here, Johnson has not alleged that Osborn has an ownership interest in A.P. Products or any power to do more than carry out personnel decisions made by others.

▉ The Second Circuit, however, has distinguished *Patrowich* on the basis of § 296(6),[6] which provides that a person may be liable for aiding and abetting a discriminatory practice. *Tomka,* 66 F.3d at 1317. *Tomka* held that, in light of the language of § 296(6), allegations that a defendant actually participated in the conduct giving rise to a discrimination claim is sufficient to state a claim against that defendant in her individual capacity. *See Tomka,* 66 F.3d at 1317. *But see Falbaum v. Pomerantz,* 891 F.Supp. 986, 992 (S.D.N.Y.1995) (dismissing § 296 claims against individual defendants: "the limitation embodied in the statutory definition of 'employer' and in *Patrowich,* could be easily evaded by alleging claims either under an aiding and abetting or retaliation theory.... The various parts of a statute should be construed to give meaning to all."); *Cohen v. Alexander's Inc.,* 1987 WL 113754 (N.Y.Sup. Ct. Aug. 14, 1987) (rejecting aiding and abetting liability under § 296(6) based on its reading of *Patrowich* ); *Trovato v. Air Express Int'l,* N.Y.Law J. at 30, col. 4 (Sup.Ct. Nassau Cty. April 17, 1996) (criticizing *Tom-*

---

**6.** Section 296(6) states that it shall be an unlawful discriminatory practice "for any person to aid, abet, incite, compel or coerce the doing of any of the acts forbidden under this article or attempt to do so." N.Y.Exec.Law § 296(6).

*ka* and following *Patrowich* to reject aiding and abetting liability under § 296(6)). Here, Johnson alleges that Osborn terminated her and thereby discriminated against her in violation of § 296. Because I am constrained by *Tomka's* treatment of HRL claims against individual defendants, I find this allegation sufficient to state a claim under § 296 against Osborn in her individual capacity.

In conclusion, defendants' partial motion to dismiss is granted in part and denied in part. Defendants' request for sanctions is denied.

SO ORDERED.