Denise RUPNOW Plaintiff,

v.

TRC, INC., et al., Defendants.

No. 1:97 CV 3329.

United States District Court,
N.D. Ohio,
Eastern Division.

March 31, 1998.

Patrick J. Perotti, Susan E. Rusnak, Dworken & Bernstein, Painesville, OH, for Plaintiff.

Paul Leslie Jackson, Robert E. Blackham, Roetzel & Andress, Akron, OH, for Defendants.

### MEMORANDUM OF OPINION AND ORDER GRANTING IN PART, AND DENYING IN PART, DEFENDANT'S MOTION TO DISMISS

WELLS, District Judge.

This case is before the Court on the motion to dismiss filed January 21, 1998, by defendant Terry Ross (docket no. 5). After receiving an extension of time to respond, plaintiff Denise Rupnow filed a memorandum in opposition to the motion to dismiss on March 3, 1998 (docket no. 8). For the reasons which follow, Ross's motion to dismiss will be granted in part, and denied in part.

Rupnow filed suit on December 24, 1997, against her former employer, defendant TRC, Inc., and its president, defendant Ross. Rupnow alleges sex and pregnancy discrimination under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.* ("Title VII"), Ohio Rev.Code Ann. § 4112, *et seq.*, and Ohio common law, and retaliation under Title VII and Ohio Rev. Code Ann. § 4112, *et seq.* She also states a cause of action under the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601, *et seq.* ("FMLA"), and under state law for negligence and a violation of public policy.

A motion to dismiss, pursuant to Fed. R.Civ.P. 12(b)(6), may be granted when there is no set of facts which would allow a plaintiff to recover. *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). When considering a motion to dismiss, a plaintiff's factual allegations are deemed true and any ambiguities are resolved in his or

her favor. *Jackson v. Richards Med. Co.*, 961 F.2d 575, 577–78 (6th Cir.1992).

In his motion to dismiss, Ross moves to dismiss all charges against him. Each cause of action will be discussed in turn.

■ Counts 1 and 4 state causes of action under Title VII. Both parties assert the Sixth Circuit Court of Appeals has yet to rule on the issue of whether an individual may be liable under Title VII. In fact, in a recent decision from the Sixth Circuit, *Wathen v. General Elec. Co.*, 115 F.3d 400 (6th Cir. 1997), the Sixth Circuit held there is no individual liability under Title VII. Therefore, Rupnow's claims against Ross under Title VII (Counts 1 and 4) are dismissed.

Counts 2 and 5 state causes of action under Ohio statutory law. This Court has permitted individual liability under Ohio Rev. Code Ann. § 4112.02, *et seq. DeLoach v. American Red Cross*, 967 F.Supp. 265 (N.D.Ohio 1997)(Wells, J.). · In a recent action, the Ohio Supreme Court accepted the following question certified by United States District Judge Donald C. Nugent of this Court:

> For purposes of Ohio Rev.Code Ann. [Chapter] 4112, may a supervisor/manager be held jointly and/or severally liable with his employer for his conduct in violation of [R.C. Chapter] 4112?

*Genaro v. Central Transp., Inc.*, 80 Ohio St.3d 1412, 684 N.E.2d 705 (1997).

Therefore, Ross's motion to dismiss claims under the Ohio discrimination statute is denied without prejudice to refiling following a decision from the Ohio Supreme Court in *Genaro* or a controlling decision from the Sixth Circuit.

Count 6 states a violation of the Family and Medical Leave Act. Ross argues claims against him under the FMLA must be dismissed because an individual may not qualify as an "employer" under that statute.[1] The Sixth Circuit has yet to rule on this issue. A review of the district court cases cited by the parties indicates that the weight of authority favors individual liability for a supervisor where the supervisor "exercise[s] sufficient control over 'Plaintiff's ability to take protected leave.'" *Freemon v. Foley*, 911 F.Supp. 326, 331 (N.D.Ill.1995).[2]

■ The cases which support individual liability under the FMLA note that the definition of "employer" in the FMLA tracks the language used in the Fair Labor Standards Act, 29 U.S.C. § 203(d), which has been interpreted in the Sixth Circuit to permit broad individual liability. *See Dole v. Elliott Travel & Tours, Inc.*, 942 F.2d 962, 965 (6th Cir.1991). The Court finds these decisions to be persuasive and holds that individual supervisors may be liable under the FMLA.

■ To support his motion to dismiss claims against him under the FMLA, Ross further argues that he was not Rupnow's supervisor. Nevertheless, Rupnow alleges in her complaint that following a letter to Ross in which she indicated her displeasure with her work assignment following her return to TRC, she was terminated. Whether Ross may qualify as an "employer" under the FMLA by having some control over Rupnow's ability to take protected leave requires further development of the facts. *See McKiernan*, at *10; *Beyer*, at *10–11. Accordingly, Count 6 may not be dismissed against Ross at this time and his motion to dismiss Count 6 is denied.

---

1. Under the relevant portion of the FMLA, the term "employer" includes: "any person who acts, directly or indirectly, in the interest of an employer to any of the employees of such employer." 29 U.S.C. § 2611(4)(A)(ii)(I).

2. *See Stubl v. T.A. Systems, Inc.*, 984 F.Supp. 1075 (E.D.Mich.1997)("In the Court's view, this regulatory interpretation reflects the plain meaning of the definition of 'employer' in the statute, which includes any person who acts directly or indirectly on behalf of the employer."); *Beyer v. Elkay Mfg. Co.*, No. 97 C 50067, 1997 WL 587487 (N.D.Ill. Sept.19, 1997)(unpublished opinion); *Waters v. Baldwin County*, 936 F.Supp. 860 (S.D.Ala.1996); *Knussman v. Maryland*, 935 F.Supp. 659 (D.Md.1996); *Johnson v. A.P. Products. Ltd.*, 934 F.Supp. 625 (S.D.N.Y.1996); *McKiernan v. Smith–Edwards–Dunlap Co.*, No. 95–1175, 1995 WL 311393 (E.D.Pa. May 17, 1995)(unpublished opinion); *Freemon v. Foley*, 911 F.Supp. 326 (N.D.Ill.1995). *But See Frizzell v. Southwest Motor Freight, Inc.*, 906 F.Supp. 441 (E.D.Tenn.1995)(rejecting individual liability under the FMLA and analogizing statute to Title VII).

Count 3 alleges sex discrimination under Ohio common law. Although Ross seeks to dismiss this count, he erroneously makes an argument for dismissal under Ohio statutory law. Therefore, Ross's motion to dismiss Count 3 is denied.

Ross argues claims against him under Count 7, which alleges a public policy tort, and Count 8, which alleges negligence, are barred by Ohio Workers Compensation Law, Ohio Rev.Code Ann. § 4123.741. Rupnow does not object to this argument. Therefore, Rupnow's claims against Ross under Counts 7 and 8 are dismissed.

For the foregoing reasons, Rupnow's claims against Ross in Counts 1, 4, 7, and 8 are dismissed. This case will proceed against defendant TRC, Inc. on all counts and against defendant Terry Ross on Counts 2, 3, 5 and 6 only.

IT IS SO ORDERED.