Arthur SCOTT, Plaintiff,

v.

STEINHAGEN OIL COMPANY, INC. and Julie Payne, Defendants.

No. Civ.A. 1:02–CV–326.

United States District Court, E.D. Texas, Beaumont Division.

Aug. 6, 2002.

Kevin Michael Jordan, Sheldon Jordan & Dunham, Beaumont, TX, for plaintiffs.

Dale R. Mellencamp, Bair & Welscher, Houston, TX, for defendant.

## MEMORANDUM and ORDER

COBB, District Judge.

Before the court is Defendant Steinhagen Oil Company, Inc.'s Motion to Dismiss [Dkt. # 4] and Defendant Julie Payne's Motion to Dismiss [Dkt. # 5], and the court having reviewed the motions and response on file is of the opinion that the motions be DENIED.

Arthur Scott, the plaintiff, originally filed suit in federal court on May 16, 2002, alleging that Steinhagen Oil Company, Inc. and its Director of Human Resources, Julie Payne, interfered with his rights under the Family and Medical Leave Act ("FMLA"), retaliated against him for exercising his FMLA rights, and intentionally inflicted emotional distress. On June 10, 2002, the defendants filed these motions to dismiss pursuant to rule 12(b)(6) of the Federal Rules of Civil Procedure.

■■■ Rule 12(b)(6) provides that a party may move a court to dismiss an action for "failure to state a claim upon which relief can be granted." On motion under Rule 12(b)(6), the court must decide whether the facts alleged, if true, would entitle the plaintiff to some legal remedy. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). Dismissal is proper only if there is either (1) "the lack of a cognizable legal theory" or (2) "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir.1988). Unless a Rule 12(b)(6) motion is converted to a summary judgment motion, the court cannot consider material outside the complaint. *See Powe v. Chicago*, 664 F.2d 639, 642 (7th Cir.1981). The court must accept as true all material allegations in the complaint as well as any reasonable inferences to be drawn from them. *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d

1045, 1050 (5th Cir.1982). The well-pleaded facts must be reviewed in the light most favorable to the plaintiff. *Piotrowski v. City of Houston,* 51 F.3d 512, 514 (5th Cir.1995). A plaintiff, however, must allege specific facts, not conclusory allegations. *Elliott v. Foufas,* 867 F.2d 877, 881 (5th Cir.1989). Conclusory allegations and unwarranted deductions of fact are not admitted as true. *Guidry v. Bank of La-Place,* 954 F.2d 278, 281 (5th Cir.1992). A pleading, however, "need not specify in exact detail every possible theory of recovery—it must only 'give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" *Thrift v. Estate of Hubbard,* 44 F.3d 348, 356 (5th Cir.1995) (quoting *Conley,* 355 U.S. at 47, 78 S.Ct. 99). "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley,* 355 U.S. at 45–46, 78 S.Ct. 99; *Kaiser Aluminum,* 677 F.2d at 1050. "'The motion to dismiss for failure to state a claim is viewed with disfavor and is rarely granted.'" *Id.* (quoting 5A CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1357 (1969)).

At this early stage in the case, taking all the plaintiff's allegations and considering reasonable inferences drawn from these allegations, the court holds that the complaint states claims upon which relief may be granted. The defendants challenge the truth of some of Scott's allegations and attached affidavits to the motions to dismiss in an attempt to contradict the plaintiff's allegations. According to rule 12(b), however, a court may only consider matters outside the pleadings if the court treats the motion as one for summary judgment under rule 56. Because little discovery has taken place in the case, the court believes it is too early in this case to treat the defendants' motions as ones for summary judgment.

As this case progresses towards trial and as the accuracy of several of Scott's allegations seem to be disputed, the court expects to receive motions for summary judgment. For example: Is Steinhagen as successor in interest of Darby Oil? (*see* 29 U.S.C. § 2611(4)(A)(ii)(II)); Does Julie Payne fall with the FMLA's definition of an employer? (*see* 29 U.S.C. § 2611(4)(A)(ii)(I); *Carpenter v. Refrigeration Sales Corp.,* 49 F.Supp.2d 1028, 1030–31 (N.D.Ohio 1999)); Was Scott suffering from a serious health condition that made him unable to perform the functions of his position? (*see* 29 U.S.C. § 2612(a)(1)(D)). The defendants raised each of these issues in the motions to dismiss, but the court holds that these are issues that cannot be resolved at this early stage in the litigation. It is, therefore,

ORDERED, that Defendant Steinhagen Oil Company, Inc.'s Motion to Dismiss [Dkt. # 4] and Defendant Julie Payne's Motion to Dismiss [Dkt. # 5] are hereby DENIED.