**Timothy ECKERT, Plaintiff,**

v.

**SCHROEDER, JOSEPH & ASSOCI-ATES, Rogan Morton, Creighton, Pearce, Johnsen, Giroux, Catherine Creighton, Sutherland Asbill & Brennan LLP, Allegra J. Lawrence and Sarah T. Holloway, Defendants.**

No. 05–CV–0209SSR.

United States District Court,
W.D. New York.

April 11, 2005.

Timothy Eckert, Buffalo, NY, pro se.

## DECISION AND ORDER

LARIMER, District Judge.

Plaintiff Timothy Eckert has filed this *pro se* action seeking relief under the anti-retaliation provisions of the Family Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. § 2615(a) as well as various New York State Attorney Disciplinary Rules, DR 7–102(A)(1)–(2), 22 N.Y.Comp.Codes R. & Regs. ("NYCRR"), § 1200.33(a)(1)-(2), DR 2–109, 22 NYCRR § 1200.14, and DR 2–110(B)(1), 22 NYCRR § 1200.15. Plaintiff has sued several lawyers and law firms who have represented plaintiff's former employer in matter involving plaintiff. He also names as defendants his union representatives which are also defendants in another action pending in this court under the FMLA (*Eckert v. United Auto Workers, Local Union 897, et al.,* 04–CV–0538S). Plaintiff has requested to proceed *in forma pauperis* in this action.

Plaintiff claims that the defendant attorneys and law firms, because they were hired by entities employing plaintiff, should be deemed to be "employers" under the FMLA, 29 U.S.C. § 2611(4)(A)(ii). Plaintiff claims that these individuals have both retaliated against him for bringing claims under the FMLA and violated New York's Attorney Disciplinary Rules by making claims in their answers to plaintiff's complaint in that action that are " an intentional misrepresentation of the facts for the purpose of interfering with the Plaintiff's FMLA legal proceedings." (Docket No. 1, Complaint, §§ 21–30).

For the reasons discussed below, plaintiff's request to proceed as a poor person is granted and the complaint is dismissed.

## DISCUSSION

Because plaintiff has met the statutory requirements of 28 U.S.C. § 1915(a) and filed an Authorization with respect to this

action, plaintiff is granted permission to proceed *in forma pauperis.* Section 1915(e)(2)(B) of 28 U.S.C. provides that the Court shall dismiss a case in which *in forma pauperis* status has been granted if the Court determines that the action (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. A court shall, *sua sponte,* dismiss a complaint for lack of subject matter jurisdiction as soon as it is apparent that it lacks subject matter jurisdiction. *See Hughes v. Patrolmen's Benevolent Association of the City of New York, Inc.,* 850 F.2d 876, 881 (2d Cir.1988), *cert. denied* 488 U.S. 967, 109 S.Ct. 495, 102 L.Ed.2d 532 (1988) (citations omitted).

In evaluating the complaint, the Court must accept as true all factual allegations and must draw all inferences in plaintiff's favor. *See King v. Simpson,* 189 F.3d 284, 287 (2d Cir.1999). Dismissal is not appropriate "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). "This rule applies with particular force where the plaintiff alleges civil rights violations or where the complaint is submitted *pro se.*" *Chance v. Armstrong,* 143 F.3d 698, 701 (2d Cir.1998).

Based on its evaluation of the complaint, the Court finds that plaintiff's claims must be dismissed because (1) the court lacks subject matter jurisdiction over plaintiff's FMLA claims because defendants are not "employers" under the FMLA; and (2) the Court declines to exercise supplemental jurisdiction over plaintiff's state law claims.

## FAMILY MEDICAL LEAVE ACT

As noted, plaintiff's complaint alleges that the defendants have violated the anti-retaliation provisions of the FMLA, 29 U.S.C. § 2615(a)(1). Section 2615(a)(1) provides that "[i]t shall be unlawful for any *employer* to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under this subchapter." (Emphasis added). Section 2615(a)(2) similarly provides that "[i]t shall be unlawful for any *employer* to discharge or in any other manner discriminate against any individual for opposing any practice made unlawful by this subchapter." (Emphasis added).

29 U.S.C. § 2611(4)(A) defines the term "employer" and provides, in relevant part, that "Employer:"

(i) means any person engaged in commerce or in any industry or activity affecting commerce who employs 50 or more employees for each working day during each of 20 or more calendar workweeks in the current or preceding calendar year;

(ii) includes—

(I) any person who acts, directly or indirectly, in the interest of an employer to any of the employees of such employer; and

(II) any successor in interest of an employer;

Clearly, neither the attorneys retained by plaintiff's former employer, Ford Motor Company, or the attorneys for the union in an earlier action filed by plaintiff are "employers" under any interpretation of the definition of "employer" as set forth in the FMLA.

Plaintiff alleges that as attorneys for his employer and union, the defendants are agents of his employer and union and are therefore "employers" for purposed of the FMLA pursuant to 29 U.S.C. § 2611(4)(A)(ii)(I). The language of § 2611(4)(A)(ii)(I) has been interpreted by a majority of the Courts to allow for liability under the FMLA against entities or

individuals that " 'possessed the power to control the worker in question[ ],' " *Astudillo v. U.S. News & World Report,* 2004 WL 2075179 (S.D.N.Y. Sept.17, 2004) (quoting *Herman v. RSR Sec. Servs., Ltd.,* 172 F.3d 132, 139 (2d Cir.1999)),[1] but this clearly does not extend to attorneys retained to defend an employer or union in litigation brought by a former employee under the FMLA. The attorneys retained to defend against plaintiff's earlier FMLA suit are simply not "person[ ] who act[ ], directly or indirectly, in the interest of an employer to any of the employees of such employer." This Court has located no case which extends the language of § 2611(4)(A)(ii)(I) to include attorneys for an employer or union simply because they represent the employer in matters relating to the employee. Accordingly, defendants are not "employer[s]" under the FMLA and, therefore, this Court has no subject matter jurisdiction over the FMLA claim alleged in the complaint.

**Claims under New York's Attorney Disciplinary Rules**

As noted, plaintiff alleges that the defendants made statements in their answers to the complaint he filed in an earlier filed action which were intentionally misleading and violative of a number of New York's Disciplinary Rules, 22 NYCRR, § 1200.1 *et seq.* Even if there was a private cause of action based on a violation of a Disciplinary Rule, which there is not, *Mackley v. Sullivan & Liapakis,* 2001 WL 1658188 (S.D.N.Y. Dec.27, 2001) (citing *William Kaufman Organization, Ltd. v. Graham & James LLP,* 269 A.D.2d 171, 703 N.Y.S.2d 439 (1st Dept.2000)), this Court declines to exercise supplemental jurisdiction over said claim because it has dismissed the sole federal claim upon which the Court's jurisdiction rests. 28 U.S.C. § 1367(c)(3); e.g., *Seabrook v. Jacobson,* 153 F.3d 70, 72 (2d Cir.1998).

### CONCLUSION

Plaintiff has met the statutory requirements of 28 U.S.C. § 1915(a). Accordingly, plaintiff's request to proceed *in forma pauperis* is granted and, for the reasons discussed above, the complaint is dismissed with prejudice.

The Court hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, and leave to appeal to the Court of Appeals as a poor person is denied. *Coppedge v. United States,* 369 U.S. 438, 82 S.Ct. 917, 8 L.Ed.2d 21 (1962). Further requests to proceed on appeal as a poor person should be directed, on motion, to the United States Court of Appeals for the Second Circuit, in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

### ORDER

IT HEREBY IS ORDERED, that plaintiff's request to proceed *in forma pauperis* is granted;

FURTHER, that the complaint is dismissed with prejudice; and

FURTHER, that leave to appeal to the Court of Appeals as a poor person is denied.

IT IS SO ORDERED.

---

1. Court's interpreting this definition of "employer" under the FMLA has looked to cases interpreting the Fair Labors Standard Act because the FMLA tracks the language of that statute. *Johnson v. A.P. Prods., Ltd.,* 934 F.Supp. 625, 629 (S.D.N.Y.1996); *Brewer v. Jefferson–Pilot Standard Life Insurance Company,* 333 F.Supp.2d 433, 437 (M.D.N.C. 2004).