**H & R BLOCK, LTD., Plaintiff,**

v.

**Brenda HOUSDEN and Karen K. Beard, Defendants.**

**No. 1:97–CV–0646.**

United States District Court, E.D. Texas, Beaumont Division.

June 23, 1999.

Stephanie Donean Surratt, John W. Newton III, J. Hoke Peacock II, Howard L. Close, Orgain Bell & Tucker, Beaumont, TX, for plaintiff.

William H. Yoes, First Interstate Bank Building, Beaumont, TX, for defendant.

### MEMORANDUM OPINION

COBB, District Judge.

Before this Court is a Motion for Approval of Notice of Pending Action and Right to Participate. This is essentially a motion to alert potential class members of the ongoing suit pursuant to 29 U.S.C. § 216(b) (hereinafter Section 216(b)). Unlike the standard form of bringing a class action, namely Federal Rule of Civil Procedure 23(c), Section 216(b) provides parties bringing a claim under the Fair Labor Standards Act (FLSA) with an opt-in, rather than an opt-out, procedure.

## BACKGROUND

In March 1997, Plaintiff H & R Block filed suit in state court against Defendants Karen K. Beard and Brenda Housden for violation of non-competition and non-solicitation clauses contained in their respective employment contracts. In October 1997, Beard and Housden brought a counterclaim against plaintiff alleging failure to pay overtime in violation of the Fair Labor Standards Act, codified at 29 U.S.C. § 201 *et seq.* Beard and Housden now seek to maintain a Section 216(b) collective action on behalf of "themselves and other employees similarly situated" as provided by § 216(b) of the FLSA.

## ANALYSIS

The circuits have developed two approaches to certifying class actions brought pursuant to § 216(b). The Fifth Circuit has expressly refused to endorse either method over the other. *Mooney v. Aramco Services,* 54 F.3d 1207, 1216 (5th Cir.1995). This Court will therefore look at plaintiff's claim from within the context of both.

According to the first method, developed in *Lusardi v. Xerox Corp.,* 118 F.R.D. 351 (D.N.J.1987) and known as the "two-step" method, the court considers certification in two phases. First, the court must decide whether the plaintiff has presented significant evidence that similarly situated potential plaintiffs exist. This decision is made after the plaintiff has petitioned for judicially-certified notification of putative class members and come forward with competent evidence suggesting that such class members exist. *Mooney,* 54 F.3d at 1213–14.

Second, the court must provide adequate time for other parties to opt-in and for discovery to be conducted, at which point the court considers, generally upon defendant's motion, whether the action should be decertified. If the court decides that a collective class action is inappropriate, then it dismisses the opt-in plaintiffs and the case proceeds on the named plaintiffs' individual claims. *Id.* at 1214.

Following the two-step approach, this court finds that counter-plaintiff has failed to present sufficient evidence that similarly situated plaintiffs exist, and therefore failed to pass the first step of the test. Although the standard for satisfying the first step is lenient (*see Id.* at 1214), the court still requires at least "substantial allegations that the putative class members were together the victims of a single decision, policy, or plan infected by discrimination." *Id.* at 1214 n. 8 (citing *Sperling v. Hoffman–La Roche, Inc.,* 118 F.R.D. at 407). Courts who have faced the question of whether movants established substantial allegations have considered factors such as whether potential plaintiffs were identified (*Garner v. G.D. Searle Pharmaceuticals,* 802 F.Supp. 418 (M.D.Ala.1991)); whether affidavits of potential plaintiffs were submitted (*Belcher v. Shoney's, Inc.,* 927 F.Supp. 249, 252 (M.D.Tenn.1996)); and whether evidence of a widespread discriminatory plan was submitted (*Klegerman v. F.G. Apparel Inc.,* 1986 WL 2531, *5 (N.D.Ill. Feb. 11, 1986)). In this case, movants have failed to do all of the above. They have failed to identify potential plaintiffs, submit affidavits of potential plaintiffs or submit any other evidence that might show a widespread plan of discrimination existed.

All movants have done is submit affidavits making conclusory allegations. They present, for example, affidavits of the two counter-plaintiffs which simply state that they believe other workers were discriminated against in similar ways (see Affidavit of Karen Beard, p. 2 and Affidavit of Brenda Housden, p. 2). In 1983, the 11th Circuit ruled that unsupported assertions of wide-spread FLSA violations, such as the ones made here, did not satisfy the movant's 216(b) burden. *Haynes v. Singer Co., Inc.,* 696 F.2d 884 (11th Cir.1983). Likewise, in 1995 a district court in Maryland determined that even where potential plaintiffs were listed, a factual showing suggesting that they were similarly situated was required. *D'Anna v. M/A–COM, Inc.,* 903 F.Supp. 889, 894 (D.Md. 1995). Movants in this case make no such factual showing, nor do they go beyond the level of making unsupported factual assertions. Consequently, under the "two-step" approach, their petition fails to satisfy the requirements of the first step.

Apart from the "two-step" approach, there is one other method by which Section 216(b) class actions can be certified. This method, employed by the district court in *Shushan v.*

*University of Colorado,* 132 F.R.D. 263 (D.Colo.1990), derives from the "spurious" class action procedure previously eliminated from Fed.R.Civ.P. 23. *Mooney,* 54 F.3d at 1214. Under this approach, the court considers factors similar to those considered in Rule 23(c) cases, i.e. "numerosity," "commonality," "typicality," and "adequacy of representation," to determine whether a class should be certified. *Id.* Movants in this case have completely failed to present a factual showing on these matters and, consequently, fail the "spurious" class action test.

In deciding whether the movants of this case have met the requirements of either the "spurious" class action procedure or the "two-step" approach, this court is mindful that it, like practicing attorneys, has a responsibility to refrain from stirring up unwarranted litigation. *D'Anna,* 903 F.Supp. at 894. Further, "employers should not be unduly burdened by a frivolous fishing expedition conducted by the plaintiff at the employer's expenses." *Id.* For this reason, and for the reasons set forth above, counterplaintiffs' Motion for Approval of Notice of Pending Action and Right to Participate should be DENIED.