Clara WHITEHEAD, et al., Plaintiffs,

v.

HIDDEN TAVERN, INC., Defendant.

Civil Action No. SA–09–CA–0316–FB.

United States District Court,
W.D. Texas,
San Antonio Division.

March 23, 2011.

Richard J. Burch, Bruckner Burch PLLC, Robert R. Debes, Jr., Debes Law Firm, Houston, TX, for Plaintiffs.

Aric J. Garza, Law Office of Aric J. Garza, San Antonio, TX, for Defendant.

## ORDER GRANTING PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT

FRED BIERY, Chief Judge.

Before the Court is Plaintiffs' Motion for Partial Summary Judgment (docket # 22), Defendant's Response to Plaintiffs' Partial Summary Judgment (docket # 24), Plaintiffs' Reply in Support of Summary Judgment (docket # 25), and Defendant's Motion to Strike Plaintiffs' Partial Summary Judgment Evidence (docket # 23). Plaintiffs seek a partial judgment as to the issue of liability pursuant to defendant's violation of the Fair Labor Standards Act ("FLSA"). Specifically, plaintiffs assert defendant failed to pay plaintiffs minimum wage because defendant cannot claim an entitlement to a tip credit in the calculating of wages owed. Defendant asserts a material fact exits as to whether it may

claim the tip credit entitlement. Further, defendant argues the deposition excerpts used in plaintiffs' motion need to be struck due to improper notice.

## I. BACKGROUND

Plaintiff's filed Plaintiff's Original Collective Action Complaint (docket # 1) to recover unpaid minimum wages owed to bartenders and servers employed by Hidden Tavern, Inc. ("Tavern") due to Tavern paying these individuals a rate below the minimum wage established by FLSA. Further, plaintiffs assert Tavern is not entitled to rely upon the tip credit provisions of FLSA because defendant did not comply with the requirements to meet this provision.

Tavern filed its Original Answer (docket # 6) admitting to employing plaintiffs, but denying they were paid less than minimum wage and denying the claims that Tavern is not entitled to the tip credit provision. Tavern asserted multiple affirmative defenses and counter claims for theft and business disparagement. Plaintiff Whitehead filed her Answer to Defendant's Counterclaim (docket # 11) denying the allegations. Ultimately, the parties filed the motions which are the subject of this Order.

## II. LEGAL AUTHORITY

### A. Summary Judgment

Rule 56 of the Federal Rules for Civil Procedure provides that a party may move for a complete or partial summary judgment, identifying each claim or a part of each claim that a judgment should be rendered if the cited materials and record show there is no genuine issue as to any material fact. FED.R.CIV.P. 56. The moving party bears the initial burden to establish the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). If the moving party

fails to meet its initial burden, the motion should be denied, regardless of the non-movant's response. *Quorum Health Res. L.L.C. v. Maverick County Hosp. Dist.*, 308 F.3d 451, 471 (5th Cir.2002). " '[T]he party opposing the motion ... bears the burden of responding *only after* the moving party has met its burden of coming forward with proof of the absence of any genuine issues of material fact.' " *Celotex Corp.*, 477 U.S. at 322, 106 S.Ct. 2548 (citation omitted). In deciding a motion for summary judgment, the court draws all reasonable inferences in the light most favorable to the nonmovant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

### B. Fair Labor Standards Act

The Fair Labor Standards Act ("FLSA") requires employers to pay employees a statutory minimum hourly wage. 29 U.S.C. § 206(a). However, with respect to "tipped employees," employers are allowed to take advantage of a "tip credit" in order to meet the minimum wage requirement. 29 U.S.C. § 203(m)(1)-(2). Specifically, the FLSA allows an employer to allocate a tipped employee's tips to satisfy a percentage of the statutory minimum wage requirement. *Id.* A tipped employee is "any employee engaged in an occupation in which he 'customarily and regularly' receives more than $30 a month in tips." 29 U.S.C. § 203(f). Pursuant to the tip credit rule, an employer may pay a tipped employee $2.13 an hour, but only if the employee makes at least minimum wage when wages made and tips earned are combined. *Id.*

Two prerequisites must be met prior to an employer's ability to utilize the tip credit: "(1) the employer must inform the employee of the provisions in section 203(m); and (2) all tips received by an employee must be retained by the employee, 'except

that [the tip credit provision] shall not be construed to prohibit the pooling of tips among employees who customarily and regularly receive tips.' " *Pedigo v. Austin Rumba, Inc.,* 722 F.Supp.2d 714, 721 (W.D.Tex.2010) (quoting 29 U.S.C. § 203(m)).

A party seeking summary judgment who does not bear the burden of proof at trial, such as plaintiffs here, need only point to the absence of a genuine fact issue. *Duckett v. City of Cedar Park, Tex.,* 950 F.2d 272, 276 (5th Cir.1992). Once the movant meets the initial burden, the non-movant must establish summary judgment is improper. *Id.* In terms of an action brought under FLSA for a failure to pay the federal minimum wage, a plaintiff need only plead a violation of the minimum wage provisions, and the burden to prove the requirements of the tip credit exception were met lies with the defendant. *Pedigo,* 722 F.Supp.2d at 723–24; *Bernal v. Vankar Enter., Inc.,* 579 F.Supp.2d 804, 808 (W.D.Tex.2008). "Exemptions from or exceptions to the [FLSA's] requirements are to be narrowly construed against the employer asserting them." *Donovan v. Brown Equip. & Serv. Tools, Inc.,* 666 F.2d 148, 153 (5th Cir.1982).

### III. ANALYSIS

Before addressing the merits of the motion for summary judgment and the response, this Court will first address the evidence used in the motion. In particular, the defendant asserts a violation of Federal Rule of Civil Procedure 30(b)(6) requires this Court to strike the depositions of Gerry Garcia and Deborah Cook which have been attached as exhibits in plaintiff's motion.

Pursuant to Federal Rule of Civil Procedure 30(b)(6), when noticing an organization to appear for a deposition, the notice "must describe with reasonable particularity the matters for examination." Fed. R.

Civ. Proc. 30(b)(6). As a result, defendant asserts Garcia and Cook were not on proper notice of matters to testify and thus "were incompetent to testify on the matters pertaining to the company."

■ Defendants motion to strike is unfounded. Rule 30(b)(6) concerns naming an organization as the deponent. The provisions of the rule in question are not applicable under the present circumstances. Namely, the notice in question did not notice Hidden Tavern, rather the notices named Garcia and Cook as the deponents. Rule 30(b)(1) states a party wishing to depose a person must give written notice to all parties to the lawsuit, and the notice must include the time and place of the deposition, "and if known, the deponent's name and address. If the name is unknown, the notice must provide a general description sufficient to identify the person. . . ." *Id.* 30(b)(1). Here the notice in question was sent to opposing counsel, it specifically named the individuals to be deposed and stated the time and place for the deposition. Because the notice complied with Rule 30(b) of the Federal Rules of Civil Procedure the Defendant's Motion to Strike Plaintiff's Partial Summary Judgment Evidence (docket # 23) is denied.

Moreover, the burden of proof is not upon plaintiffs under the circumstances of establishing a tip credit. Case law illustrates the employer must establish the entitlement to the tip credit after the employee pleads a violation of the tip credit provision. *Bernal,* 579 F.Supp.2d at 808. This burden remains true even under the procedural burdens of summary judgment. *See, e.g., Pedigo,* 722 F.Supp.2d at 723–24 (illustrating summary judgment was warranted where defendant conclusively failed to inform employees of the tip credit provision); *Bernal,* 579 F.Supp.2d 804 (concluding summary judgment was proper when employer failed to pay minimum wage due

to fact employer did not inform employees of Section 203(m) provisions and it failed to rebut allegations it deducted employees for cash register losses).

### A. Prerequisite One—Employer Must Inform Employee of Tip Credit Provisions

■ The first requirement of Section 203(m) states employers must inform their employees of the provisions contained in Section 203(m). 29 U.S.C. § 203(m). "Employers do not have to 'explain' the tip credit to employees … it is enough to 'inform' them of it." *Pedigo*, 722 F.Supp.2d at 725 (citing *Lentz v. Spanky's Rest. II, Inc.*, 491 F.Supp.2d 663, 672 (N.D.Tex.2007)).

■ Plaintiffs cite to deposition excerpts of Garcia and Cook, the owners/operators of Tavern. While these excerpts suggest Tavern failed to inform plaintiffs of the provisions in Section 203(m), such evidence is unnecessary as the burden lies with the defendant.

Tavern provided affidavits from Garcia and Cook stating they provided plaintiffs with knowledge of the tip credit provisions and explained how the tip credit works. Construing all reasonable inferences in a light most favorable to the non-movants, the Court finds a material fact exists on this matter.

### B. Prerequisite Two—All Tips Retained by the Employee

The second requirement of the tip credit provision requires all tips received by an employee to be retained by the employee, except that an employer may require an employee to pool tips with employees who customarily and regularly receive tips. 29 U.S.C. § 203(m). Plaintiffs assert defendant violated this prerequisite in numerous manners. First, plaintiffs assert defendant required plaintiffs to contribute to a tip pool that included Garcia—the employer. Plaintiffs assert an employer cannot utilize the tip credit provision when a manager/owner is included in a tip pool. Additionally, plaintiffs were required to contribute to a tip pool with a maintenance worker, which is a person who does not customarily and regularly receive tips and thus should not be included in a tip pool. Finally, plaintiffs assert Tavern required plaintiffs to pay for cash register shortages. Again, plaintiffs assert such an action is a violation of Section 203(m); thus, Tavern cannot claim use of the tip credit provision.

Tavern's argument in response to plaintiffs' motion merely recites summary judgment standards and states a "material fact issue [exists] as to whether or not Defendant did not pay Plaintiffs the minimum wage." This argument misses the issue. The issue here is whether defendant can establish its entitlement to the tip credit provision. In other words, can the defendant put forth evidence that it complied with the provisions of Section 203(m). "[C]ourts have found violations of Section 203(m) (and therefore of federal minimum wage laws) even where the employees were, in fact, paid the minimum wage once their tips were taken into account." *Bernal*, 579 F.Supp.2d at 808 (citing to two cases, omitted here, as examples).

While the body of Tavern's response to the motion for summary judgment fails to present any argument beyond the conclusory statement that a fact issue exists, the affidavits attached to the response touch upon the issues raised by plaintiffs. For example, Garcia's affidavit states he was the owner of Hidden Tavern; however, he worked as a bartender on Friday nights and participated in a tip pool with one of the plaintiffs for six months. Regarding contributions to a tip pool, Garcia and Cook stated the bartenders were provided an option: "either stay after [the bartend-

er's] shift to clean the bar area, or voluntarily contributing to a pool to pay for a maintenance worker who cleans after hours." Finally as to a cash resister shortage, Cook explained: "If there is a cash register shortage in the drawer for which they are responsible, the shortfall is covered by that bartender as long as the minimum wage is still earned by the bartender."

■ The language in Section 203(m) is clear that "all tips" received by tipped employees must be retained by the tipped employees. Accordingly, an employer cannot keep the tips of a tipped employee as such constitutes a violation of the FLSA. *See Chung v. New Silver Palace Rest., Inc.,* 246 F.Supp.2d 220, 231 (S.D.N.Y. 2002) (holding the employers' participation in the tip pool was an FLSA violation even though the employers were engaged in a practice that would customarily be the subject of tipping). To be considered an employer under the FLSA, one must independently exercise control over the work situation. *Donovan v. Grim Hotel Co.,* 747 F.2d 966, 972 (5th Cir.1984). An economic realities test is used by the court to inquire whether the individual had supervisory authority. *Watson v. Graves,* 909 F.2d 1549, 1553 (5th Cir.1990). The inquiry focuses upon whether the alleged employer: 1) has the authority to hire and fire employees; 2) supervised and controlled employee work schedules; 3) determined the rate and method of payment; and 4) maintained employment records. *Id.*

■ In this case, Garcia affirmed he participated in a tip pool during a certain period of time. He also stated he is the co-owner, participates in the hiring of employees and setting and describing their wages. The deposition excerpts provided by plaintiffs confirm the information provided in the affidavit along with additional details solidifying Garcia's classification as an employer. Because Garcia was an employer, which defendant does not dispute, he could not participate in a tip pool. Accordingly, Tavern is disqualified from its ability to utilize the tip credit provision under these circumstances.

■ Additionally, and in the alternative, Cook's affidavit provided Tavern's policy required plaintiffs to cover a cash shortage from the employee's cash drawer so long as minimum wage is still earned by the bartender. Regardless of whether minimum wage is earned, such a policy is a violation of Section 203(m). "To the extent Plaintiffs were not permitted to retain their tips to pay for shortages . . ., Defendant[ ] disqualified [itself] from taking advantage of the FLSA tip credit provisions." *Bernal,* 579 F.Supp.2d at 810.

Tavern has failed to carry its burden in establishing a genuine issue of material fact that Tavern met the requirements to utilize the tip credit provision; therefore, summary judgment is proper. Judgment is proper based upon Garcia's participation in the tip pool and/or Tavern's policy requiring employees to pay for cash register shortages. This Court will refrain from any opinion as to whether voluntary participation in the maintenance worker tip pool is a violation of the FLSA.

## IV. CONCLUSION

IT IS HEREBY ORDERED that Plaintiffs' Motion for Partial Summary Judgment (docket #22) on liability[1] is

---

1. The Court recognizes its previous ruling in *Hall v. United States,* Civ. Act. No. SA–09–CA–0369–FB (W.D.Tex. September 4, 2010) (docket #25), that Rule 56 does not allow for summary judgment as to a part of a claim; however, pursuant to the April 28, 2010 amendments to Rule 56, effective December 1, 2010, the rule is now clear "that summary judgment may be requested not only to an entire case but also as to . . . part of a claim. . . ." FED. R. CIV. PROC. 56 advisory committee's note.

GRANTED and Defendant's Motion to Strike Plaintiffs' Partial Summary Judgment Evidence (docket # 23) is DENIED. It is further ORDERED that this cause is referred to United States Magistrate Judge Nowak for all further matters necessary to determine the amount of damages pursuant to Tavern's violation of the FLSA.

It is so ORDERED.